## Judge v. The Travelers Insurance Co.

*A. Leo Sereni,* for plaintiff.
*Paul E. Holl,* for defendant.

REED, JR., *J.*, June 27, 1983 — This case is before the court on the petition of plaintiff, Thomas Judge, Administrator of the Estate of Kevin Michael Judge, to compel the appointment of arbitrators.

Kevin Michael Judge was killed on or about February 25, 1982 in a motor vehicle accident at a time when decedent was, as a pedestrian, attempting to cross Interstate 95 in Chester, Delaware County, Pa. Neither decedent nor any member of his family had no-fault coverage. Because there was no immediate identifiable source of benefits, the claim was brought under the Pennsylvania Assigned Claims Plan as set forth in 40 Pa. C.S. §1009.108, and assigned to the Travelers Insurance Company, a plan participator and defendant herein. After applying for basic loss benefits, plaintiff sought to collect uninsured motorist coverage and demanded the appointment of arbitrators to hear this claim. Defendants refused to appoint an arbitrator and plaintiff brought suit.

The issue before this court is whether the estate of a victim seeking to recover benefits under an assigned claims plan may proceed in arbitration.

This court is bound by the decision of Tubner v. State Farm Mutual Insurance Company, 496 Pa. 215, 436 A.2d 621 (1981), in which the Supreme Court of Pennsylvania so aptly stated that assigned insurers are obligated precisely as if they had issued basic loss insurance policies. This basic loss coverage includes not only basic loss benefits but also uninsured motorist benefits. Tubner also states that every policy of basic loss insurance issued in this Commonwealth must include all coverage mandated by the No-fault Act and by the Insurance Department Regulations promulgated thereunder. Such a regulation as promulgated by the Insurance Commissioner relating to uninsured motorists coverage found in 31 Pa. Code §63.2(a) states that the extent of the coverage which shall be offered as 'Uninsured Motorist Coverage' shall be at least that coverage contained in the sample form attached hereto as Exhibit 'C' and made a part of this section, which is the national standard form for this insurance.

Condition eight of Exhibit 'C', entitled: "Arbitration," states:

"If any person making a claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured auto because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration."

Defendant, Travelers Insurance Company, argues that arbitration is not available because no

contractual relationship exists between the parties, relying on Weaver v. Travelers Insurance Company, no. 1619 Philadelphia County (January 1982). However, this court does not find the Weaver rationale to be persuasive but rather reads the Tubner decision as forming a statutorily defined contractual relationship between the assigned insurer and claimant.

Tubner, supra at 622, indicated the legislature's expressed purpose in adopting the No-fault Act was to create a low cost, comprehensive and fair system which uniformly would provide the "maximum feasible restoration" for all victims of motor vehicle accidents. The purpose of the assigned claims plan is to grant this opportunity for recovery to the uninsured as well as the insured. There is no room for discrimination in a victim's, or survivors of a deceased victim's, endeavor to obtain basic benefits.

Based on these facts, this court finds it appropriate to grant petitioner/plaintiff's petition for appointment of arbitrators.


## ORDER

And now, this June 27, 1983, it is hereby ordered and decreed that the petition of plaintiff, Thomas Judge, Administrator of the Estate of Kevin Michael Judge, to compel the appointment of arbitrators, is hereby granted.

Defendant, The Travelers Insurance Company, is hereby ordered to appoint an arbitrator and proceed to arbitration.